| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |
|---|---|

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

X First
☐ Alias
☐ Pluries

CIVIL ACTION
DOCKET NO. 10C1679

Lonnie Bowden and

Elizabeth Bowden
_____ Plaintiff

Vs.

State Farm Mutual Automobile Insurance Company

Commissioner of Insurance
500 James Robertson Parkway
Nashville, TN 37247-0565

Phone: 615-741-2241
_____ Defendant

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☒ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: May 4, 2010

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Julie-Karel Elkin  417 Washington Square Building, 222 Second Avenue North, Nashville, TN 37201  (615) 244-3300 |
|---|---|
| | Address |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

SHERIFF

**EXHIBIT**
1

MAY 26 2010



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

REC'D BY JEFF SHAY

MAY 25 2010

ROUTE TO:
COPIES TO:

4z 2275931

May 21, 2010

State Farm Mutual Automobile Ins Co
2500 Memorial Boulevard % Jeff Shay
Murfreesboro, TN 37131-0001
NAIC # 25178

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 2820 0003 2647 0662
Cashier # 3259

Re: Lonnie & Elizabeth Bowden   V.   State Farm Mutual Automobile Ins Co

Docket # 10C1679

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on May 14, 2010 by Lonnie & Elizabeth Bowden pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Davidson County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Davidson County
    1 Public Square, Room 302
    Nashville, Tn 37219-6303

Service of Process 615.532.5260

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

2010 MAY -6 PM 2:53

RICHARD R. ROOKER, CLERK

LONNIE BOWDEN )
)
and )
)
ELIZABETH BOWDEN )
)
   Plaintiffs, )
) CASE NO: 10C1679
v. )
)
JOHN DOE )
)
and )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )
)
   Defendants. )

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, and hereby assert their cause of action against the Defendants as follows:

1. At all times relevant and material hereto the Plaintiffs were residents of Davidson County, Tennessee.

2. On or about May 17, 2009 Plaintiff Lonnie M. Bowden was operating his motor vehicle in a safe and prudent manner on Nolensville Pike in Nashville, Davidson County, Tennessee.

3. At the same time Plaintiff Elizabeth Bowden was riding as a passenger in the vehicle being driven by her husband as they proceeded on Nolensville Pike in a safe and prudent manner.

4. At all times relevant and material hereto, Defendant John Doe was operating a black pick-up truck on Veritas Street and without sufficient warning or time to otherwise react, the

Defendant drove his vehicle into the Plaintiffs' vehicle on Nolensville Pike and fled the scene without stopping to render aid or exchange identification.

5. Plaintiffs allege the Defendant John Doe was operating the black pick-up truck in an unsafe and negligent manner, such that he caused injury and damage to the Plaintiffs and he is liable to them for their injuries and damages.

6. As a result of Defendant John Doe's failure to exercise due care and maintain proper control of his vehicle, the Plaintiffs suffered physical injuries and other associated damages as a direct and proximate result of his negligent actions and/or omissions.

7. The Plaintiffs would state that Defendant John Doe was negligent in failing to keep a proper look-out, that he was guilty of failing to yield the right of way, that he made an improper turn or lane change, and that he was operating the black pick-up truck in a reckless manner with disregard for the safety of others.

8. As a direct and proximate result of the negligent actions and/or omissions of Defendant John Doe, the Plaintiffs have incurred reasonable and necessary medical expenses for the treatment of their personal injuries and their symptoms have affected their ability to engage in regular activities.

9. The Plaintiffs would further state that the following statutes were in full force and effect at the time of the collision between the Plaintiffs' vehicle and the vehicle being driven by John Doe and his violation of said statues constitutes negligence per se to wit: TCA § 55-8-129 Vehicles turning left at intersection; TCA § 55-8-136 Drivers to exercise due care; TCA § 55-8-140 Required position and method of turning at intersections; TCA § 55-8-197 Failure to yield right of way; and TCA § 55-10-205 Reckless driving. In addition to the forgoing, Defendant John Doe left the scene of the accident which is also prohibited by Tennessee law.

10. The Plaintiffs hereby incorporate paragraphs 1-9 for their cause of action against the John Doe Defendant and hereby further assert that as a direct and proximate result of his negligent actions and/or omissions that they are entitled to compensation for their medical expenses, past and future; pain and suffering, past and future; loss of enjoyment of life, past and future; loss of household services, past and future; incidental expenses, inconvenience, mental anguish, and other damages to which they may show themselves entitled.

11. Plaintiffs hereby incorporate paragraphs 1-10 for their cause of action against Defendant State Farm Mutual Automobile Insurance Company and hereby assert their direct action claim for bad faith failure to pay pursuant to their coverage agreement and February 6, 2010 correspondence from a representative of State Farm. For their cause of action, the Plaintiffs would assert that they have been insured with State Farm for many years and although they have ample coverage for their medical expenses, Defendant State Farm has denied payment for their losses pursuant to the medical payments coverage awarded through their insurance contract. The Plaintiffs would show that they have One Hundred Thousand Dollars ($100,00.00) of available coverage, but payment for necessary medical services following the accident in this cause have not been paid or reimbursed in a timely manner and representatives at the insurance company did not assist them in processing their claims.

WHEREFORE, Plaintiffs sue the Defendants for a sum not to exceed Two Hundred Thousand Dollars ($200,000.00).

PREMISES CONSIDERED, PLAINTIFFS PRAY:

(a) That process issue commanding the Defendants to appear and respond within the time prescribed by law;

(b) That the Plaintiffs be awarded a sum not to exceed Two Hundred Thousand Dollars ($200,000.00);

(c) That the Plaintiffs litigation and discretionary costs be taxed to the Defendants for which execution may issue;

(d) That the Plaintiffs be awarded appropriate pre-judgement and post judgment interest; and

(e) For such further and general relief as the court may find just proper.

Respectfully submitted,

Julie-Karel Elkin (BPR # 017231)
417 Washington Square
222 Second Avenue North
Nashville TN 37201
615-244-3300
*Attorney for the Plaintiff*

I hereby certify that this is a true copy of original instrument filed in my office this ____ day of ____, 20__
RICHARD R. ROOKER, Clerk
By _____ Deputy Clerk

**State Farm®**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



February 6, 2010

LONNIE M. BOWDEN
407 BARRETT RD
NASHVILLE, TN 37211-2603

Mid America eMed Office
P.O. BOX 20707
MURFREESBORO, TN 37129-00



RE:  Claim Number:  42-2275-931
     Date of Loss:  5/17/2009
     Our Insured:   BOWDEN, LONNIE M

Dear LONNIE M. BOWDEN:

It has been reported that you were recently injured in a motor vehicle accident. The policy provides Medical Payments Coverage for reasonable expenses for necessary medical treatment resulting from the accident. The expenses are covered for three years from the date of the accident for bodily injury, provided the injury is discovered and treated within one year of the accident date, up to a limit of $100,000.

To assist us in processing your claim, please sign the enclosed medical authorization and claim information form and return it to us in the self-addressed, prepaid envelope which is enclosed. If the injured person is a minor, the minor's parent(s) or legal guardian(s) should sign the medical authorization.

In the event we make a payment to you on your behalf under your medical payments coverage for bodily injury caused by someone who may be legally liable, we are entitled to reimbursement of our payment. Should we make payment on your behalf, we require that you take no action that might jeopardize our right of subrogation and request you advise us prior to settlement with any person or organization legally responsible for your injury.

Please retain this letter for your personal records, as it identifies both your claim handler and your claim number. This information will enable us to promptly process your claim and help answer any inquiry you may have regarding this matter.

Sincerely,

Steve May
Steve May
Claim Representative
(877) 236-5890

State Farm Mutual Automobile Insurance Company

EXHIBIT A